EBENEZER MUDGE et al., Respondents, *v.* BURDETT SALISBURY et al., Appellants.

110    413
148    437

Plaintiff E. is the owner of certain premises, on which, at the time he acquired title, was a grist-mill; said premises were conveyed to him, " together (as stated in his deed), with the grist-mill privilege, being the first on the stream for two run of stone, with the necessary apparatus for the same." In an action to restrain an alleged interference with the water-power, *held*, that the grant was not limited to power for the grist-mill as it stood at the time of the conveyance; that the privilege was made appurtenant to the land conveyed, and could be used either for the mill then standing or for any other erected on the land, or for any other purpose; that the reference to the machinery was not intended to limit the place where or the purpose for which the water could be used, but to measure and limit the quantity.

It appeared that for over twenty years plaintiffs and their grantors had enjoyed an uninterrupted use of the privilege to the first use of the water, which had for more than that period been recognized, admitted and acquiesced in by defendants. *Held*, that this amounted to a practical construction by the parties of the extent of the grant and the rights of the plaintiffs.

Also, *held*, that an equitable action was properly brought to restrain inter-ference with plaintiff's prior rights to the use of the water.

An agreement for the sale of land, if recorded, is a part of the record evidence of title, and, as such, is properly admissible, although not proof of what passed by the deed made in pursuance thereof.

(Argued June 22, 1888; decided October 2, 1888.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered on an order made January 13, 1885, which affirmed a judgment in favor of plaintiff ordered by the court on trial at Special Term.

This action was brought to restrain defendants from interfering with plaintiff's alleged priority of right to the waters of a stream, and to recover damages for interference with said water rights.

The material facts are stated in the opinion.

*Oliver Porter* for appellants. Plaintiffs, grantors of the claimed water privileges, were tenants in common with

Sutton and others, and could not grant, license or dispose of all or any portion of the water to the prejudice of their co-tenants; nor could they hold adversely to their co-tenants. (*Van Horn* v. *Fonda*, 5 Johns. Ch. 388, 406, 407; *Blood* v. *Goodrich*, 9 Wend. 67, 68.) Plaintiffs having alleged paper title, and put that title in evidence, cannot now repudiate that title in order to establish an adverse possession and use of water. (*Burhans* v. *Van Zant*, 7 N. Y. 523.)

*J. E. Eggleston* for respondents. The right given to the mill was a measure of a sufficient quantity of water for two run of stone and apparatus accompanying the same. (*Cromwell* v. *Selden*, 3 Comst. 253; *Bort* v. *Empire*, 5 N. Y. 33; *Wakely* v. *Davidson*, 26 id. 387; *Olmstead* v. *Loomis*, 9 id. 423; *Comstock* v. *Johnson*, 46 id. 615; *Merrill* v. *Calkins*, 74 id. 1; *Grout* v. *Monk*, 94 id. 115.) Plaintiffs are not limited to the particular mill or site in question. The right granted was a right and privilege that passed to the mill premises, and to the land that passed with the mill, as well as to the mill itself. (*Hurd* v. *Curtis*, 7 Met. 94; Angell on Water-courses, §§ 155–161; *Whittier* v. *Cochico Mfg. Co.*, 9 N. H. 554; *Groat* v. *Moak*, 94 N. Y. 115.) A party acquires the right to the use of water in a particular manner by an uninterrupted and adverse enjoyment of such use during twenty years. (*Townsend* v. *McDonald*, 12 N. Y. 381; *Law* v. *McDonald*, 9 Hun, 23; *Hammond* v. *Zehner*, 21 N. Y. 118; *Olmstead* v. *Loomis*, 9 id. 423.) The point urged by defendants' counsel, "that plaintiffs are not entitled to equitable relief in this action until they have first established their right in an action at law," is not well taken. Equity will interpose by mandatory injunction to give plaintiffs the right asked for in the complaint. (*Olmstead* v. *Loomis*, 9 N. Y. 423; *Corning* v. *Troy Iron and Nail Factory*, 40 N. Y. 191; *West Point Iron Co.* v. *Reymert*, 45 id. 703.) When a court of equity once acquires jurisdiction of an action it will grant complete relief. (*Bour* v. *Sterger*, 10 N. Y. Week. Dig. 182; *Barber* v. *Scott*, 24 N. Y. 40; *Worrall* v.

*Munn*, 38 id. 137 ; *Taylor* v. *Taylor*, 43 id. 578 ; *Mad. Ave. Bap. Church* v. *Oliver St. Bap. Church*, 73 id. 82.)

GRAY, J.  It was found by the trial judge that the plaintiff, Ebenezer Mudge, in 1866, became the owner in fee of about one acre of land, on which the grist-mill stands, " together with the grist-mill privilege, being the first on the stream, for two run of stone, with the necessary apparatus for the same."  This finding was supported by the record evidence of the plaintiffs' title, and the deed, under which defendants held the title to their premises, contained the provision as to the use of the water for their factory, that " the water was not to be used for said factory to the damage of the grist-mill, with two run of stone, but to have the next privilege after said grist-mill."

In fact, the answer of the defendants concedes that the plaintiffs were entitled to sufficient water to operate " two run of stone" for their grist-mill.  But they say, in defense of the plaintiffs' cause of action, in substance, that these reservations of the privilege to take water from the race-way had reference and were limited to the grist-mill as it stood and was in 1835, and that by the reconstruction by the plaintiffs of their grist-mill, at a point some sixty or more feet below the site of the old mill, the conditions of the grant of water-power were affected so as to defeat their present assertion of a claim for equitable relief.

I think they misapprehend the terms of the grant of water-power.  The grist-mill privilege of the first use of the water for " two run of stone" was made appurtenant to the land conveyed and attached as an incident to it.  The grantee of the premises could take the water from the race-way for the particular mill then standing, or for any other he might erect on the land conveyed on this stream.  The conveyance of land, with the grant of a grist-mill privilege, does not limit the enjoyment of that privilege to any particular spot on the stream.

The only limitation in this grant is that it may be availed

of as a prior privilege to the extent of " two run of stone and the necessary apparatus for the same." The reference to the machinery was not to limit or define the place where, or the purpose for which the water could be used, but to measure and limit its quantity. So long as the grantees did not take more water than was sufficient to operate " two run of stone," they were not restricted in the mode or manner of its use and were within their rights. The defendants further insist, however, that in the new mill are more wheels and other machinery, and that the presumption exists that, for that reason and from the lengthening of the flume, more water was required, and the burden was on plaintiffs to show that no more water was used than was sufficient for " two run of stone." They also say that the plaintiffs' mill is no longer a mere custom or neighborhood mill, as formerly it was

This contention is disposed of by the decree, which adjudged the plaintiffs entitled only " to sufficient water at all times for two run of stone, with the apparatus for the same, for their mill." They are thus limited to the precise terms of their grant.

Within the principles laid down in the opinion of the court in *Cromwell* v. *Selden* (3 N. Y. 253), and which have been repeatedly recognized by this court since the decision in that case, the grant here was of a prior right to take that quantity of water which would afford sufficient power to propel a particular kind of machinery, and there was·no restriction of the use of the water to the machinery specified What was intended to be determined by the use of the terms " grist-mill privilege for two run of stone; with necessary apparatus," was the quantity of power, without reference to its use. The quantity of power granted could be defined by what would be sufficient to operate the well known machinery mentioned. This construction is demanded and is justified on grounds of public policy and as being more beneficial to the plaintiffs, without being any more injurious to the defendants. (*Olmsted* v. *Loomis*, 9 N. Y. 423; *Wakely* v. *Davidson*, 26 id. 387; *Groat* v. *Moak*, 94 id. 115.)

None of the exceptions mentioned by the appellants would warrant us in ordering a new trial of this action. The admission in evidence of the whole of the contract between Curtis and Brockway, if necessary at all, was proper. While not effectual to convey what the vendor does not have title to, or is not in possession of, an agreement of sale of land, etc., if recorded, is a part of the record evidence of title, and is properly admissible as such, and not as any proof of what passed by the deed made in pursuance thereof. It could not possibly affect or prejudice the defendants in any conceivable aspect of the case. And the same observation may be made with respect to the admission in evidence of the sheriff's certificate of sale of lands in 1823. For over twenty years plaintiffs and their grantors have enjoyed uninterruptedly this privilege to the first use of this water, and the trial judge has found, on the proofs, that it was for more than twenty-five years recognized and admitted and acquiesced in by the defendants. This would amount to a practical construction by the parties themselves of the extent of the grant to and rights of the plaintiffs.

Resort to equity by the plaintiffs was proper in this case. The jurisdiction of courts of equity and their power to grant relief cannot be doubted. The avoidance of a multiplicity of actions and the inadequacy of legal remedies to prevent the defendants from taking away the water to the detriment of plaintiffs' prior rights thereto, and to secure to plaintiffs the continuous enjoyment by them of those superior rights, are deemed sufficient grounds for the interposition of a court of equity. (*Olmsted* v. *Loomis*, 9 N. Y. 423; *Corning* v. *Troy Iron Factory*, 40 id. 191.)

I think the decree was right and that the judgment of the General Term, affirming the same, should be affirmed, with costs.

All concur.

Judgment affirmed.